UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

BOSTON, MASSACHUSETTS

| | |
|---|---|
| George Logue, ) | CIVIL ACTION |
| ) | |
| Plaintiff ) | CASE NO._____ |
| ) | COMPLAINT FOR DAMAGES |
| Vs ) | Civil Rights Violation |
| ) | |
| Third District Court of New Bedford et al., ) | UNLIMITED CIVIL CASE |
| ) | |
| Defendant ) | |

Comes now the plaintiff, responding to violations by the Third District Court in New Bedford.

FIRST CAUSE
(Civil Rights Violation)

Plaintiff alleges:

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is uncertain of all names of the officials within the Third District Court sued herein, and so refers to them here by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant's Presiding Justice and Judge Turcote were employed by their codefendant Third District Court of New Bedford, Massachusetts to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect the premises, people, and property therein.
4. Defendant Third District Court of New Bedford, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at 75 N. 6th Street, New Bedford, Bristol County, Massachusetts.
5. Defendant's Presiding Justice, and Judge Turcote, and at all times herein mentioned were working as part of their codefendant Third District Court of New Bedford, and each were the agents and employees of the Commonwealth of Massachusetts. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

1

## Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date..

## Facts

7. On July 24, 1997, Defendant Judge Turcote failed to consider all evidence and facts, concerning an incident between plaintiff and his father (please refer to related complaint Logue vs. Dartmouth Police). On this occasion, he granted an improper warrant, based on falsely recorded events, which allowed officers to make a false arrest, and deliver plaintiff to the court. Plaintiff was then subjected to being imprisoned, without bail, and proceed through an unjust process violating plaintiff's Civil Rights and Massachusetts Laws. Despite plaintiff's attempts, over his attorney's negligent representation, to inform the court of the falsely recorded events thus far, defendant Presiding Justices ignored objections and arguments of plaintiff, regarding who had actually been assaulted. Without having found plaintiff guilty of any crime, and again over the vehement objections of plaintiff to the court, defendant Presiding Justices erred by continuing the case based on, 'sufficient facts found but continued without a finding until,' when there were no such facts found. Defendant Justice further compounded these errors by ordering plaintiff to undergo an unneeded psychiatric evaluation at the state hospital thereby violating M.G.L. 123 § 15 and § 19, pertaining to the duration and location of initial evaluations.

8. On approximately August 14, 1997, Presiding Justice further violated M.G.L. § 15 again, when he failed to monitor and enforce the length of plaintiff's stay for the unneeded evaluation, thus allowing the hospital to hold and imprison him for an even longer period of time. By committing these acts, defendant Presiding Justice, denied plaintiff of his civil liberties, by acting under color of state law 42 U.S.C.S. 1983 (1988).

9. As a proximate result of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage.

10. Further, as a proximate result of the acts of the defendant Presiding Justice and court, plaintiff was deprived of his personal liberty, and suffered great pain and anguish of the mind. By reason of the acts of the defendants, plaintiff was injured in his stature, health, and activity, and suffered humiliation, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof, and that the docket sheet be remanded, vacated, and the record set to show that plaintiff had committed no crime.
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

2-09-04                                  *Devoyne Logue* (signature)