UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue, | CIVIL ACTION |
| Plaintiff | CASE NO. 1:04-cv-10271-GAO<br>COMPLAINT FOR DAMAGES<br>Civil Rights Violation |
| Vs. | |
| Commonwealth of Massachusetts<br>District Court of New Bedford | |
| Defendants | UNLIMITED CIVIL CASE |

FIRST CAUSE
(Civil Rights Violation)

Plaintiff alleges:

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is uncertain of all names of the officials within the District Court of New Bedford sued herein, and so refers to them here by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant Presiding Justice was employed by their codefendant Commonwealth of Massachusetts District Court of New Bedford to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect the premises, people, and property therein.
4. Defendant District Court of New Bedford, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at 75 N. 6th Street, New Bedford, Massachusetts in Bristol County.
5. Defendant Presiding Justice, and at all times herein mentioned was working as part of codefendant District Court of New Bedford, and was an agent and employee of the Commonwealth of Massachusetts, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of his/her or their employer. Plaintiff is informed and believes, and thereon alleges that named defendants are responsible in

1

some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

### Jurisdiction

6. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court in order that an impartial forum be available. The complaint is being introduced, now, at this late juncture only as it has become apparent that the events, as described herein, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the court on the premise that, for tolling purposes as to when the statute began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from filing complaints at an earlier date.

### Facts

7. On July 24, 1997, Defendant Presiding Justice failed to consider all evidence and facts, concerning an incident between plaintiff and his father (please refer to related complaint Logue vs. Dartmouth Police, Case No.1:04-cv-10270). On this occasion, he granted an improper warrant, based on falsely recorded events, which allowed officers to make a false arrest, and deliver plaintiff to the court. Plaintiff was then imprisoned, without bail, where he was lead to believe his best chance at being freed was to engage the services of attorney Beserosky, which he did so under duress. Plaintiff informed his attorney of his innocence, the incident, and specifically directed him to inform the court of the true nature of events that had transpired. Despite plaintiff's attempts, over his attorney's fraudulent representation, and to inform the court of the lie told regarding who had actually been assaulted, thus leading to his false arrest, plaintiff was misinformed, that it was in his best interest to go along with the courts 'recommendation' and orders. This involved verbal and non-verbal communication between defendant Presiding Justice, the assistant D.A., and attorney Beserosky, and each of them, who conspired in court, based on the falsely recorded events, about plaintiff's destiny thereby violating 42 U.S.C.S. 1985(3). Defendant Justice ignored objections and arguments of plaintiff, and without having found him guilty of any crime, defendant Presiding Justice further violated plaintiff's civil rights by continuing the case based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there could not have been any such facts found. Defendant Justice further compounded these violations by ordering plaintiff to undergo an unneeded psychiatric evaluation at the state hospital thereby violating M.G.L. 123 § 15 and § 19, pertaining to the duration and location of initial evaluations. By committing these acts, defendant Presiding Justice, denied plaintiff of his civil liberties, by acting under color of state law 42 U.S.C.S. 1983 (1988).

8. On approximately August 14, 1997, Presiding Justice further violated M.G.L. § 15 again, when he failed to monitor and enforce the length of plaintiff's stay for the unneeded evaluation, thus allowing the hospital to hold and imprison him for an even longer time

9. As a proximate result of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage.
10. Further, as a proximate result of the acts of the defendant Presiding Justice and court, plaintiff was deprived of his personal liberty, and suffered great pain and anguish of the mind. By reason of the acts of the defendants, plaintiff was injured in his stature, health, and activity, and suffered humiliation, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof, and that the docket sheet be remanded, vacated, and the record set to show that plaintiff had committed no crime.
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

03/09/04                                George Logue

3