UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 SEP 28 P 3 56
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| George Logue | CIVIL ACTION |
| | CASE NO.1:04-10271-GAO |
| Plaintiff | COMPLAINT FOR DAMAGES |
| | Civil Rights Violation - |
| v. | False Imprisonment |
| | Abuse of Process |
| District Court of New Bedford | |
| Commonwealth of Massachusetts | |
| Court Justice Markey | Amended |
| Defendants | (UNLIMITED CIVIL CASE) |

Comes now plaintiff with this complaint pursuant to U.S.C. Title 42 and in response to the following civil rights violations.

FIRST CAUSE
(Civil Rights Violation)

Plaintiff alleges:

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Plaintiff is uncertain of all names of the officials within the District Court of New Bedford sued herein, and so refers to them here, if not by name then by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained.
3. Defendants Presiding Justices, including defendant Justice Markey, were employed by their codefendant Commonwealth of Massachusetts District Court of New Bedford to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect all people, the rights of the people and property therein, and without bias. Defendant District Court of New Bedford, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at 75 N. 6th Street, New Bedford, Massachusetts in Bristol County.
4. Defendant Presiding Justices, including defendant Justice Markey, and at all times herein mentioned was working in and as part of codefendant District Court of New Bedford. Defendants, and each of them, and in doing these things hereinafter alleged, were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

1

## Jurisdiction

5. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court with hope of presenting this case to an impartial forum. The complaint is being introduced, now, at this late juncture only as it has become more apparent that the events, as described herein, and in the related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the Court on the premise that, for tolling purposes as to when the statutes began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from undertaking the filing of complaints at an earlier date.

## Facts

6. On July 24, 1997, Defendant Presiding Justice Markey failed to consider all evidence and facts, concerning an incident between plaintiff and his father (please refer to related complaint vs. Dartmouth Police, Case No.1:04-cv-10270). On that occasion, he granted a warrant based on falsely recorded events, where defendant officers made a conscious, informed and malicious decision to record and communicate said false events to the District Court of New Bedford, allowing defendant officers, and each of them, then to knowingly make a wrongful arrest, and escort plaintiff under force to the Court where he was then imprisoned falsely and without bail.

7. On July 25, 1997 plaintiff was lead to believe his best chance at being freed was to engage the services of attorney Beserosky, which he did so under duress. Plaintiff informed his attorney of his innocence, the incident, and specifically directed him to inform the Court of the true nature of events that had transpired. Despite plaintiff's attempts, over his attorney's fraudulent representation (please refer to related complaint vs. Beserosky, Case No. 1:04-cv-10342), and to inform the Court of the lie told regarding who had actually been assaulted, the Court continued to pursue a course based on deception and lies. Plaintiff's attorney's failure to perform, as well as an abuse of process by the D.A., his agents, and the Court, and it's agents, permitted the process to continue without real cause. This abuse of process involved verbal and non-verbal communication between defendant Presiding Justice Markey, the assistant D.A., and attorney Beserosky, and each of them, who conspired in court, based on the false events, about plaintiffs destiny thereby violating 42 U.S.C.S. 1985(3). Defendant Justice Markey ignored objections and arguments of plaintiff, and without having found him guilty of any crime, instructed him that it was in his best interest to go along with the Courts 'recommendation' and orders. Defendant Presiding Justice further violated plaintiff's civil rights by continuing the case based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there were not, and could not have been any such facts found.

8. At the hearing on July 25, 1997 defendant Justice Markey further compounded these violations by ordering plaintiff to undergo an unneeded psychiatric evaluation at the state hospital, again falsely imprisoning him for nearly one month. Defendant Justice Markey's order violated M.G.L. 123 § 15 and § 19, pertaining to the duration and location of initial evaluations. By committing these acts, defendant Presiding Justice, denied plaintiff of his civil liberties, by acting under color of state law 42 U.S.C.S. 1983 (1988). In addition, on August 14, 1997, Presiding Justice further violated M.G.L. 123 § 15 again, when he failed to monitor and enforce the length of plaintiff's stay for the unneeded evaluation, thus allowing the hospital to imprison him for an even longer time.

9. On August 18, 1997, after being falsely imprisoned and held nearly a month, the charges against plaintiff were dismissed and the case was therefore determined in his favor.
10. As a proximate result, defendant District Court of New Bedford, defendants Presiding Justices, including defendant Justice Markey, and each of them, did unreasonably allow the claim, accusations, inaccurate record of information and overall process, as described above, to be brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Further, by doing so, defendants, and each of them, allowed plaintiff's name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from notoriety with the intent to harm plaintiff. This caused great harm to plaintiff, including mental suffering, humiliation, lost income, and expenses, and all in violation of MGL c. 214 § 1B. As a further proximate result of defendant District Court of New Bedford, and defendants Presiding Justices, including defendant Justice Markey, and each of their actions and roles in the abuse of process and civil rights violations, plaintiff's person and his lifestyle have continued to, be shrouded in a false light, sustain damage to his reputation, and suffer mental pain, anguish, embarrassment and humiliation, and continued lost income, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof, and that the docket sheet be remanded, vacated, and the record set to show that plaintiff had committed no crime.
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

<u>September 24, 2004</u>                                                                 _____

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 SEP 28 P 3: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| George Logue <br><br> Plaintiff <br><br> v. <br><br> District Court of New Bedford <br> Commonwealth of Massachusetts <br> Court Justice Markey <br> Defendants | CIVIL ACTION <br><br> CASE NO.1:04-10271 <br> COMPLAINT FOR DAMAGES <br> Civil Rights Violation - <br> Malicious Prosecution <br> Assault & Battery <br><br> (UNLIMITED CIVIL CASE) |

## SECOND CAUSE
(Civil Rights Violation – Malicious Prosecution)

Plaintiff alleges:

Facts

1. Plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1 – 10, inclusive, of the First Cause.
2. Defendant District Court of New Bedford, including defendant Justice Markey, and each of them, in failing to use proper discretion and abide by the canons and doctrines of the Judicial Code, conspired so as to continue the legal process without cause. Defendant's actions clearly indicate an abuse of process leading to malicious prosecution on their part. By taking an active part, by sanction and omission, and in continuing and procuring the continuation of criminal proceedings early on, defendants, and each of them, violated Restatement (second) Torts § 655, and are subject to the same liability for malicious prosecution as if they themselves had originally initiated, fostered, and maintained the unsrupulous procedings;.
3. In doing the acts as alleged above, defendant District Court of New Bedford and defendant Markey intended to cause or to place plaintiff in a state of apprehension, or specifically in defendant Markey's court on July 25, 1997, to assault and batter plaintiff by imprisoning him without cause, and in a location where he was in apprehension of harmful and offensive contact with plaintiff's person.
4. As a result of defendant District Court of New Bedford and defendant Markey's acts as alleged above, plaintiff, in fact, was placed in great apprehension of a harmful and offensive contact with plaintiff's person, his civil rights were further deprived, and he suffered extreme anxiety, and pain and anguish of the mind. As a further result of the overall malicious prosecution by defendant District Court of New Bedford, including defendant Justice Markey, plaintiff was injured his stature, health, strength and activity, and suffered additional embarrassment and humiliation, all to his damage.

5

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive damages according to proof;
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

September 24, 2004
Date

_/s/ Jerry Logue_

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| George Logue<br>　　　Plaintiff<br><br>v.<br><br>District Court of New Bedford<br>Commonwealth of Massachusetts<br>Court Justice Markey<br>　　　Defendants | CIVIL ACTION<br><br>CASE NO.1:04-10271-GAO<br>COMPLAINT FOR DAMAGES<br>Civil Rights Violation -<br>Intentional Infliction of<br>Emotional Distress<br><br>(UNLIMITED CIVIL CASE) |

THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

1. Plaintiff is currently a resident of Middlesex County, Massachusetts.
2. Plaintiff is uncertain of all names of the officials within the District Court of New Bedford sued herein, and so refers to them here, if not by name then by title of their capacity of employment. Plaintiff may amend this complaint to allege additional names when ascertained.
3. Defendants Presiding Justices, including defendant Justice Markey, were employed by their codefendant Commonwealth of Massachusetts District Court of New Bedford to provide judicial duties, and render judgments based on Massachusetts General Laws, thereby enforcing the law to protect all people, the rights of the people and property therein, and without bias. Defendant District Court of New Bedford, being a state district court, and at all times herein mentioned was, an entity duly organized and existing under the laws of the Commonwealth of Massachusetts. The defendants have their principal place of business at 75 N. 6th Street, New Bedford, Massachusetts in Bristol County.
4. Defendant Presiding Justices, including defendant Justice Markey, and at all times herein mentioned was working in and as part of codefendant District Court of New Bedford. Defendants, and each of them, and in doing these things hereinafter alleged, were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

### Jurisdiction

5. This court has jurisdiction over this matter; pursuant to title 42 U.S.C.S. Plaintiff beseeches this court with hope of presenting this case to an impartial forum. The complaint is being introduced, now, at this late juncture only as it has become more apparent that the events, as described herein, and in the related complaints, are responsible for injuring plaintiff and continue to have an adverse affect on his historical and future record. Plaintiff respectfully submits this action to the Court on the premise that, for tolling purposes as to when the statutes began to accrue, his lack of understanding of the existence and nature of the injuries imparted, prevented him from undertaking the filing of complaints at an earlier date.

### Facts

6. On July 24, 1997, Defendant Presiding Justice Markey failed to consider all evidence and facts, concerning an incident between plaintiff and his father (please refer to related complaint vs. Dartmouth Police, Case No.1:04-cv-10270). On that occasion, he granted a warrant based on falsely recorded events, where defendant officers made a conscious, informed and malicious decision to record and communicate said false events to the District Court of New Bedford, allowing defendant officers, and each of them, then to knowingly make a wrongful arrest, and escort plaintiff under force to the Court where he was then imprisoned falsely and without bail.

7. On July 25, 1997 plaintiff was lead to believe his best chance at being freed was to engage the services of attorney Beserosky, which he did so under duress. Plaintiff informed his attorney of his innocence, the incident, and specifically directed him to inform the Court of the true nature of events that had transpired. Despite plaintiff's attempts, over his attorney's fraudulent representation (please refer to related complaint vs. Beserosky, Case No. 1:04-cv-10342), and to inform the Court of the lie told regarding who had actually been assaulted, the Court continued to pursue a course based on deception and lies. Plaintiff's attorney's failure to perform, as well as an abuse of process by the D.A., his agents, and the Court, and its agents, permitted the process to continue without real cause. This abuse of process involved verbal and non-verbal communication between defendant Presiding Justice Markey, the assistant D.A., and attorney Beserosky, and each of them, who conspired in court, based on the false events, about plaintiffs destiny thereby violating 42 U.S.C.S. 1985(3). Defendant Justice Markey ignored objections and arguments of plaintiff, and without having found him guilty of any crime, instructed him that it was in his best interest to go along with the Courts 'recommendation' and orders. Defendant Presiding Justice further violated plaintiff's civil rights by continuing the case based on, "sufficient facts found but continued without a finding until," (as described on the docket sheet) when, in fact there were not, and could not have been any such facts found.

8. At the hearing on July 25, 1997 defendant Justice Markey further compounded these violations by ordering plaintiff to undergo an unneeded psychiatric evaluation at the state hospital, again falsely imprisoning him for nearly one month. Defendant Justice Markey's order violated M.G.L. 123 § 15 and § 19, pertaining to the duration and location of initial evaluations. By committing these acts, defendant Presiding Justice, denied plaintiff of his civil liberties, by acting under color of state law 42 U.S.C.S. 1983 (1988). In addition, on August 14, 1997, Presiding Justice further violated M.G.L. 123 § 15 again, when he failed to monitor and enforce the length of plaintiff's stay for the unneeded evaluation, thus allowing the hospital to imprison him for an even longer time.

9. On August 18, 1997, after being falsely imprisoned and held nearly a month, the charges against plaintiff were dismissed and the case was therefore determined in his favor.
10. Defendant District Court of New Bedford, defendants Presiding Justices, including defendant Justice Markey, and each of their egregious acts and omissions were intentional, were unreasonable, and unnecessary in the course of any reasonable court proceeding. Their knowledge of the false charges against plaintiff, as made known in his repeated attempts to inform the Court of the true events, and defendant Markey's insensitivity and failure to allow pleadings of plaintiff to be heard, or to consider the malpractice of plaintiff's attorney all verify his intention, and the Court's lack of care in upsetting him and allowing the false charges to drag on. As a result of defendant's lack of remedial response or sincere effort to correct the record or the process as to how it was proceeding, and observing that by failing to do so, plaintiff was becoming distraught, defendants ratified that their overall conduct was done to inflict emotional distress, and with understanding that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to him.
11. As a proximate result, defendant District Court of New Bedford, defendants Presiding Justices, including defendant Justice Markey, and each of them, did unreasonably allow the claim, accusations, inaccurate record of information and overall process, as described above, to be brought forth and maintained falsely and maliciously, for the intent and purpose of hindering, delaying and preventing the free movements of plaintiff, and to accomplish unlawful and ulterior purposes for which the said process was not designed or intended. Further, by doing so, defendants, and each of them, allowed plaintiff's name and image to be placed on public display, did unreasonably cause his name and person to be portrayed in a false light, and to suffer from notoriety with the intent to harm plaintiff. This caused great harm to plaintiff, including mental suffering, humiliation, lost income, and expenses, and all in violation of MGL c. 214 § 1B.
12. As a further proximate result of defendant District Court of New Bedford, and defendants Presiding Justices, including defendant Justice Markey, and each of their actions and roles in the abuse of process and civil rights violations, plaintiff's person and his lifestyle have continued to, be shrouded in a false light, sustain damage to his reputation, and suffer mental pain, anguish, embarrassment and humiliation, and continued lost income, all to his damage.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages according to proof, amount demanded: $ 6,000,000.00
3. For reasonable attorney consulting fees;
4. For interest and as allowed by law;
5. For costs of suit herein incurred; and
6. For such other and further relief as the Court may deem proper.

September 24, 2004                                          _____ [signature]