UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

George Logue

        Plaintiff

v.

District Court of New Bedford
Commonwealth of Massachusetts
Court Justice Markey
        Defendants

CASE NO 04-10271- GAO

## PLAINTIFF'S MEMORANDUM OF LAW SUPPORTING HIS MOTION FOR RECONSIDERATION

Plaintiff submits this Memorandum to this Honorable Court in support of his Motion For Reconsideration of the court's ruling and order of March 31, 2005.

### Background

On September 29, 2004 this court issued a memorandum advising this action was subject to dismissal. On November 3, 2004 plaintiff had responded (docket item 13) to this court's notice (docket item 9, 09/29/04). On March 31, 2005 and despite the arguments presented by plaintiff, the district court dismissed the complaint. Plaintiff's Motion for Reconsideration and this memorandum are submitted where he believes this district court's decision and ruling are, at least premature. May it please this court, progress in the related cases, including the submittal of minimal material evidence obtained without discovery, further support this complaint pursuant to 42 U.S.C. § 1983 and 1985. Subject to modifications of statutory compliance plaintiff would request the complaint be allowed to proceed while requesting only injunctive relief pertaining to the proceedings that occurred in the state court, and clarifying the absence of jurisdiction by that judge and that court. This memo now turns to supporting this motion requesting this court to reconsider the dismissal.

1

## Deference Afforded Plaintiff under Rule 12(b)

The complaint, screened by this court pursuant to 28 U.S.C. § 1915 and dismissed for lack of an arguable claim should be afforded the same consideration as a motion under a Rule 12(b)6 motion to dismiss; "a court must accept as true all well-pleaded factual averments and indulge all reasonable inferences in the plaintiff's favor." Capozzi v. Department of Transportation, 135 F. Supp. 2d 87 (2001) (Leatherman v. Tarrant County N.I. & C. Unit, 507 U.S. 163, 168, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993)) (holding that federal courts may not apply a heightened pleading standard in civil rights cases). That said, plaintiff is well aware that the Rule 12(b)6 standard "is not entirely a toothless tiger." Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989). Plaintiff has therefore, attempted to compose a complaint that includes sufficient detail and description to withstand initial dispositive motions, while realizing it is presently imperfect and incomplete. With that understanding, a more recently amended complaint is a trial worthy complaint that would seek only injunctive action against the defendant court and damages for the lack of jurisdiction used by the specific judge. Plaintiff realizes "Minimal requirements are not tantamount to nonexistent requirements. The threshold [for phrasing a claim] may be low, but it is real." Id. (quoting Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988)). Further, he understands Rule 12(b)(6) does not entitle himself to get by on "subjective characterizations" or conclusory descriptions of a "general scenario which could be dominated by unpleaded facts." Id. at 53; Dewey v. University of N.H., 694 F. 2d 1, 3 (1st Cir. 1982).

## Discussion

Plaintiff has come to understand that "because the courts are considered an arm of the State it is immune from federal suit under the Eleventh Amendment to the United States Constitution. (this court citing *Will*, at 66 (1989)). Consequently, plaintiff, as noted above, would modify his complaint, at this courts discretion and where he believes this court's action dismissing this complaint was premature. Forte v. Sullivan, 935 F. 1 (1991). For reasons set forth below, plaintiff also suggests the dismissal is improper overall. This court stated in its memo (docket item 9, p.3-4) that "judicial immunity applies to actions brought under 42 U.S.C. § 1983 for acts committed within the scope of judicial duties." (this court

2

citing *Stump* at 356 (1978)). However, "a judge does not enjoy immunity for actions taken in the complete absence of jurisdiction." (this court citing *Mireles* at 11-12 (1991)). In that context, the dismissal of this complaint was premature where the state court and the actions by Judge Markey did, in fact, fall within one of the narrow exceptions to the general rule of absolute immunity.

### I   IF THERE WAS NO PROBABLE CAUSE, PROCEEDINGS WERE UNLAWFUL

The New Bedford District Court and Justice Markey may not be subject to liability for their acts described in this civil action unless they have acted in the clear absence of all jurisdiction. As stated in plaintiff's recent Motion for Summary Judgment and supporting memorandum in the related case (see case 04-10270), where the facts show that there was no probable cause in the false arrest, none of the subsequent actions, including the state court hearings and creation of court files should have occurred. The validity of an arrest and the initiation of criminal proceedings ultimately depend on the presence of "probable cause" defined as a reasonable ground for suspicion, supported by circumstances sufficiently strong in them to warrant a belief on the part of a cautious or prudent person, that a particular person is guilty of an offense.[1] There was no probable cause and the arrest was unlawful. Hence, the subsequent proceedings in the state court were unlawful.

### II   THE PROCEEDINGS WERE UNLAWFUL AS THERE WAS NO JURISDICTION

Plaintiff attempted (First and Third Causes, para 7, amended complaint), to bring his objections to the attention of each of the parties involved. As described recently and for reasons in plaintiff's Motion For Summary Judgment and supporting Memorandum of Law (case 04-10270, docket items 22-24), the state court lacked jurisdiction and therefore the subsequent hearings and actions should not have occurred. Where the underlying basis for plaintiff's presence was unsupported, the lack of probable cause meant the subsequent proceedings, in the state court, were unlawful and lacked any jurisdiction.

---

[1] 5 Am Jur 2d, section 44; and 52 Am Jur 2d, section 51, Malicious Prosecution

3

## III ABSENCE OF JURISDICITON REMOVES THE ABSOLUTE IMMUNITY SHIELD

"Government officials performing discretionary functions generally are shielded from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights." And as outlined above, "the scope of a judge's jurisdiction must be construed broadly where the issue is the judge's immunity from suit; a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."[2] In addition to, and referencing Plaintiff's Response to Court Order of impending dismissal (docket item 13), a necessary inquiry in determining whether judges are immune from suit for money damages is whether, at the time a challenged action was taken, there was no jurisdiction over the subject matter.[3] Where there is clearly no jurisdiction over the subject matter, any authority exercised is usurped authority and no excuse is permissible if the judge knows of his or her lack of authority.[4] *Forte* at 1 (1991). And then, the judge can be found responsible and criminally liable under 18 USCS 242, the criminal analog of 1983." Dennis v. Sparks, 449 U.S. 24, 101 S.Ct. 183, 66 L. Ed. 2d 185 (1980). While Justice Markey ignored material facts, and acted without regard to objections and arguments by plaintiff, he proceeded in absence of all jurisdiction, and is therefore not entitled to absolute immunity.

Title 18 U. S. C. § 242, the criminal analog of § 1983, also contains a color-of-state-law requirement noted herein. *Dennis supra* (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970)). A state judge can be found criminally liable under § 242 even if that judge may find some (good-faith) form of immunity from damages under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 429 (1976); O'Shea v. Littleton, 414 U.S. 488, 503 (1974). In either case, the judge has acted under color of state law.

---

[2] 63C Am Jur 2d, section 365, Public Officers and Employees
[3] 46 Am Jur 2d, section 80, Judges, Effect of Jurisdiction or Lack Thereof
[4] Ibid., section 82, Acts under invalid law or in excess of jurisdiction

4

For the reasons discussed above, plaintiff prays the court will reconsider its ruling concerning the dismissal of this case. As it is related to the other cases and the events occurred only as a result of events originating from the same nucleus of facts, the discovery phase of this case is anticipated to play an integral part in providing evidence of a genuine nature for all the related cases; evidence that may clarify and support each of them.

Respectfully submitted,

*[signature]*

<u>April 27, 2005</u>
composed on

5